# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1929V
### Filed: January 8, 2025

|  |  |
|---|---|
| ROBERT ELLIOTT,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Michael Avrim Firestone, Marvin Firestone, MD, JD, and Associates, San Mateo, CA, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On September 29, 2021, the petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2]  (ECF No. 1.)  Petitioner alleged that he suffered transverse myelitis as a result of his October 2, 2019 influenza ("flu") vaccination.  (*Id.*)  On December 29, 2023, the undersigned issued a decision awarding damages based on the parties' stipulation.  (ECF No. 45.)  On June 7, 2024, petitioner filed a final motion for attorneys' fees and costs.  (ECF No. 51.)  Petitioner's counsel requests a total of $84,595.64 for attorneys' fees and costs, including $48,211.07 for attorneys' fees and $36,384.57 for costs.  (*Id.* at 1.)  Petitioner incurred personal costs totaling $3,087.67.[3]  (ECF No. 51, pp. 76-77.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] In the motion, counsel erroneously states that petitioner incurred $3,000.00 in costs.  (ECF No. 51, p. 1.)  This amount includes only an amount paid for a retainer for petitioner's life care planner.  However, in the

On June 10, 2024, respondent filed a response to petitioner's motion. (ECF No. 52.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests that the court exercise its discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 3.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Dep't of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson ex rel. Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 51.) In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. The requested costs are sufficiently documented and are reasonable. Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

supporting documentation, petitioner's statement indicates he incurred $3,087.67 in costs, which includes additional postage fees incurred. (*Id.* at 76.) Petitioner's statement misstates the amount of the postage as $86.67; however, the supporting documentation indicates there was $87.67 in postage fees incurred. (*Id.* at 77.)

**Accordingly, the undersigned awards $87,683.31 (representing $84,595.64 for petitioner's counsel's fees and costs and $3,087.67 for petitioner's personally incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.